No. 798

First Circuit

WARE v. ENGINEERING CONST. CO.

(June 16, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)

E. L. Stewart, of De Ridder, attorney for plaintiff, appellant.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff was employed by the defendant company as a laborer on a bridge job on the Evangeline Highway in the parish of Beauregard. He alleges that on March 16, 1930, while engaged in his work, he was ordered by the foreman to wade into fresh concrete that had been placed on the floor of the bridge they were working on, and to dip and pour same into forms that were used to make the rail or curb of the bridge. As a result of his standing in the fresh concrete, he avers that his feet became injured in a way that the skin was blistered and irritated in such manner that since that day he has been unable to do work of a reasonable character. His demand is for compensation for total, permanent disability for the full period of four hundred weeks.

The defendant admits the employment and the injury, but denies that there is any disability, especially averring that the plaintiff was only temporarily disabled for a period of three and two-thirds weeks for which he was fully paid all compensation that was due him.

From a judgment in the lower court rejecting his demand, the plaintiff has appealed.

The weight of the testimony of the physicians, who examined plaintiff before and on the day of the trial, is to the effect that his condition shows a form of dermatitis which causes an irritation on the inner surface of both feet, near the ankle. Dr. R. G. Holcombe calls it a skin lesion, which he says is confined to the skin itself, with no damages to the inner structure. Dr. J. D. Tuten finds some form of skin disease which may be what he refers to as mycosis, or it may be an eczema.

However, he seems to be positive that the wounds that had been produced by the lime burns at the time of the injury have healed long ago, and judging from the scar tissue that was formed, he asserts that these burns were of a mild nature. He classes them as not more than secondary burns. In this he is corroborated by most of the doctors who examined the plaintiff. Both Drs. Holcombe and Tuten are firm in their opinion that there is no causal connection between the plaintiff's condition at the time they testified and the injury he had received in March, 1930, and that he has no disability from the condition they find.

Dr. S. O. Turner is the physician to whom the plaintiff was sent by the employer at the time of the injury. He says how he treated him for lime burns in the latter part of March or the beginning of April and discharged him as cured and ready for duty on April 16, 1931. At the request of the indemnity company which carried the defendant's liability insurance, he again examined the plaintiff in the month of July following and found him suffering from nothing that would justify a report on. He does not believe that lime burns produce any physical deficiency. On examining the plaintiff again on the day of the trial, he finds what he calls a discoloration of the skin, which is not an infection. Any one, he says, may have hardening of the skin from an old injury. He is even more confirmed than Drs. Holcombe and Tuten in his belief that the plaintiff is not suffering any disability.

Dr. J. D. Frazer, who examined plaintiff a week before the trial, found that he had a mild infection. He says it is dermatitis. He considered the injury caused by the lime as a second degree burn which appears to be completely healed. He is of the opinion that the condition he found on examination had no connection with lime burns.

Dr. T. R. Sartor, whom the plaintiff consulted about August 1, 1930, testifying as a witness for the plaintiff, says that when he first examined him, he found the skin on the feet broken, and that condition, of course, would make the patient subject to skin infection more so than if his skin were in healthy condition. If the inflammatory condition had existed continuously from the date of the lime burn, he would think there is some connection between the injury and the existing condition, but he admits dermatitis can be acquired independent of a burn. When asked the direct question whether he is willing to give it as his opinion that the dermatitis had any relation to the lime burns the plaintiff received in the month of March, he answers: "No, I wouldn't give it as a positive opinion." Moreover, he does not seem to think that plaintiff, in his present condition, has much disability, if any.

Dr. H. R. Officer, another witness for the plaintiff, is more set in his idea concerning the cause of plaintiff's condition. The history given him by the plaintiff was what he based his opinion on, and in the absence of any other, he would say that the lime burns on his feet were the direct cause of his present trouble.

The plaintiff, of course, testified that his feet have been continuously in the same condition since the injury. Aware, no doubt, of the opinion of the doctors to the effect that some forms of dermatitis

might be contracted by exposing the bare feet to fungus growth of some kind that may be found in' grass; or in the dirt around a barn yard, etc., he persisted in asserting that he had not gone barefooted since he was a boy, and certainly not within the last ten years, and yet his father, who followed him on the witness stand, contradicted him in this and said that he himself had seen him barefooted within the last two years at least. He remarks in a characteristic manner: "Us country folks we go barefooted in the summer. We see one another's feet." Friends of his testified that they had seen his feet in a blistered and swollen condition, but their testimony is of little value in arriving at the cause of the condition they observed.

Considering that the plaintiff received only a secondary burn, in which the inner structure of the skin was not impaired and that the wound has long since healed, and considering further that the cicatricial tissue which has formed and taken the place of the old skin is as strong and as impervious to infection as was the original skin, and having in mind also the fact, as appears from the record, that lime destroys rather than nutures, micro-organisms which generally cause infections, it is more reasonable to assume that the dermatitis plaintiff is suffering from was produced by contact of the skin with some foreign fungi, and that it has no relation to the lime burns which he suffered. At any rate, we conclude, as did the learned district judge, that the present disability he experiences, if any, is very slight, and by reason of the uncertainty of its positive cause, he is not entitled to recover.