On or prior to October 8, 1945, the plaintiff was employed as a laborer by the defendant at its alkali plant located in Calcasieu Parish. On that day the plaintiff, while engaged in removing burnt lime out of a lime kiln in defendant's plant, accidentally stepped of a board runway into some hot powdered lime with his left foot. As a result he suffered burns on his left foot, near the ankle, for which he was given first aid treatment. He was paid compensation to the amount of $70.00, and thereafter he was discharged by the Company's nurse as being fit to return to work. However, he claims that he was unable to return to work because both his left and right legs became infected with ulcers which he attributes to the accidental burning. The employee sues the employer based on these allegations, and demands workmen's compensation for a period of 400 weeks, less the credit of $70.00 heretofore paid, plus $500.00 for medical expenses.
The defendant admits the accident and admits that plaintiff suffered minor burns on his left foot, but maintains that after several weeks' treatment at defendant's First Aid Station that the burns were completely healed, except for one burn on the ankle, about the size of a quarter; that consequently after being discharged by the Company nurse the plaintiff was fit to return to his usual work as a laborer. Defendant contends further that the present ulcers on plaintiff's legs are not in any way connected with or the result of the accident.
After trial of the suit the court came to the conclusion that plaintiff had failed to establish causal connection between the condition of his legs and the accident, and accordingly he dismissed plaintiff's suit at his costs. Plaintiff has appealed.
As brought out by the trial judge, in a well written opinion, there is only one serious question involved in the case, and that is whether or not the ulcers, lesions or sores from which plaintiff was suffering at the time of trial were the result of the burns which he sustained on October 8, 1945.
Plaintiff testified that he had burns on both legs at the time of the accident. His wife stated that when he came home he had burns on both legs, and some of his neighbors and friends also testified to the same effect. However, the nurse who treated the plaintiff was positive that the only burns were to plaintiff's left ankle; that she examined the left leg and that there were no burns on the left leg; that plaintiff made no complaint about any burns on either leg; that he was given permission to return to work November 14, 1945. Dr. Watkins examined plaintiff on January 28 and on February 19, 1946, and that at that time plaintiff did not complain of having received any burns on his right leg. In testifying relative to scars on plaintiff's left leg Dr. Watkins stated that plaintiff informed *Page 279 
him that "those are some old ones I had a long time ago." Evidently the trial judge did not believe the testimony of the plaintiff and his witnesses with regard to burning of both legs, and saw fit to believe the nurse and Dr. Watkins to the effect that plaintiff had no burns to the legs outside of the ankle burns on his left ankle, which were practically healed by November 14, 1945, when he was discharged by the nurse.
With reference as to whether or not plaintiff's condition resulted from the accident, we have the following expert testimony:
Dr. Steve F. Price testified that he examined plaintiff on March 1, 1947, and that the plaintiff gave him a history of having been exposed to some lime of some sort and that he had burns on his leg from the lime and had been treated by the Company nurse for the burns, but that he apparently had never gotten well. Dr. Price testified further that if plaintiff's legs were in a condition that he saw them, he should have been treated by a physician and that in his opinion the nurse was not qualified to treat him or to pronounce him cured. From his examination, he concluded that plaintiff had eczema, an eczematoid type of dermatitis, and that in his opinion the skin had become sensitive as a result of the burn or exposure, creating a condition for the development of this eczematoid type of reaction upon exposure probably to other substances, which produced a similar effect. He admitted, however, that his opinion was based on the history as given him by the plaintiff and, in effect, that if the facts showed that plaintiff had suffered burns only to his left ankle, that it is not likely or probable that the dermatitis from which he now suffers was caused by these burns. Plaintiff had given him the impression that he had suffered burns on both legs.
Dr. H.S. Snadic testified that he examined plaintiff, in February or March, 1947, and found that he was suffering from chronic ulcers of the legs. The history given him by the plaintiff was to the effect that following the burns his skin developed blisters, and that some of the skin came off and ulcers formed directly following the burns. Based on this history the Doctor was of the opinion that the ulcers were the result of the accidental burns sustained on October 8, 1945. He admitted that if there was no evidence of a dermatitis on plaintiff's legs on November 12, 1945, that the dermatitis was probably not connected with the accident of October 8, 1945; in other words, that if the dermatitis was the result of the burns it would have developed prior to November 12th. He testified further that the plaintiff was suffering from the same type of trouble in both legs, and that a burn on the left ankle could not have caused the right leg to have become affected.
Dr. H.B. White testified that he examined plaintiff on March 23, 1946, and, based on the history given him by the plaintiff, concluded that the ulcers on plaintiff's legs were caused by chemical burns. He too admits, however, that if the dermatitis had not developed prior to November 12, 1945, he feels, in effect, that the condition is too remote to be connected to the accident of October 8th.
Dr. T.H. Watkins, the Company physician, testified that he examined plaintiff on January 28, 1946, and on February 19, 1946, and that on both occasions he found open lesions only on plaintiff's left leg. He was of the opinion that plaintiff had varicose ulcers and that there could be no connection between this condition and the burns received on October 8, 1945.
Dr. G.E. Barham testified that he had examined and treated the plaintiff on April 12, 14 and 17, 1947, and that in his opinion the plaintiff was suffering from a chronic eczema caused by deep varicose veins and not the result of the lime burns to his left ankle.
As brought out by the trial judge, the facts in the case at bar are similar to those in Ware v. Engineering Construction Company, 17 La. App. 600, 135 So. 248. In that case the employee was standing in fresh concrete and sustained burns to his feet, and after the burns had healed, a form of dermatitis broke out which resulted in total disability. The courts refused to award compensation on the ground that the dermatitis had not been shown to be the result of the burns. The trial judge sets forth *Page 280 
that in the Ware case the dermatitis was in the same area where the lime burns had been sustained, whereas in the case at bar the dermatitis is in both legs, even on the right leg, on where there had been no lime burns, and consequently is not in the same area as the lime burns, and naturally the possibility of the plaintiff's condition being connected with the accident are more remote than in the Ware case.
It is apparent from the above that the trial judge did not believe plaintiff and his lay witnesses to the effect that burns were sustained on both legs, and ulcers or sores developed on both legs a short time after the accident, but on the contrary immediately after the accident and for some time thereafter, to the effet that the only area affected was the left leg near the ankle. The trial judge also obviously believed Dr. Watkins' testimony to the effect that there was no question of any burns on the right leg. All the experts, on these facts concluded as being true by the trial judge, are agreed that plaintiff's condition could not have been caused by the burns on October 8, 1945. Naturally the trial judge was in a better position than we are to have reached the conclusions as to the burns sustained in the accident, since he was confronted by the witnesses.
Finding no manifest error committed by the trial judge, for these reasons assigned the judgment appealed from is affirmed.